IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VINCENT A. BAGBY,<br>    Plaintiff,<br><br>    v.<br><br>CLAYTON COUNTY SHERIFF, *et al.*,<br>    Defendants. | Civil Action No.<br>1:24-cv-03439-SDG |

### OPINION AND ORDER

Pro se Plaintiff Vincent A. Bagby initiated this suit against various state and local officers and agencies pursuant to § 1983. Bagby complains that Defendants have improperly refused to expunge his 2007 nolo contendere plea to disorderly conduct.[1] This matter is currently before the Court on Bagby's motions for a pretrial conference [ECF 63] and a preliminary injunction [ECF 68]. For the following reasons, the motions are **DENIED without prejudice**.

### A.   Motion for Pretrial Conference

Bagby asserts that it is necessary for the parties to "ascertain where in a timeline toward an eventual trial or settlement offer they are situated."[2] Accordingly, he requests a conference "to be arranged by the Case Manager."[3] It is unclear whether Bagby is seeking a pretrial conference with the Court or a Rule

---

[1]   ECF 1 (Compl.); ECF 35 (Am. Compl.).

[2]   ECF 63, at 2.

[3]   *Id.* at 3.

1

26(f) conference among the parties.[4] But a request for either type of conference is premature. No Defendant has filed an answer and discovery has not yet started. Numerous motions—to dismiss, to strike the amended complaint, for summary judgment—are pending.[5] Under the Court's Standing Order, all discovery is automatically stayed pending a ruling on the motions to dismiss.[6] This stay applies to *all* pretrial activity and deadlines, including the Rule 26(f) conference. Nor does the Court find a need here to hold a conference with the parties before ruling on the pending, potentially dispositive, motions.

### B.   Motion for Preliminary Injunction

Bagby also requests an injunction under Rule 65 to prevent Defendants from continuing to deny him the expungement he seeks. Preliminary injunctions are extraordinary remedies. To obtain one, a plaintiff must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury to the plaintiff outweighs the potential harm to the defendant; and (4) that the injunction will not disserve the public interest. *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir.

---

[4]   *Compare id.* at 2 (identifying Fed. R. Civ. P. 26(f) and LR 16.1, 16.2) *with id.* at 3 (seeking a pretrial status conference).

[5]   *See, e.g.*, ECFs 8–11, 19, 37, 39–43, and 47.

[6]   ECF 3, at 7–8.

2003); *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995). Bagby has not made a showing as to any of these factors.

Moreover, Bagby is asking for a mandatory injunction—an order that would alter the status quo and that could not readily be undone through a subsequent grant of judgment in Defendants' favor. Such injunctions are rarely proper. *Harris v. Wilters*, 596 F.2d 678, 680 (5th Cir. 1979) (per curiam). What Bagby wants would provide him with the overall substantive relief he seeks in this litigation—before the Court has even ruled on the viability of his claims. The injunction would not maintain the status quo, it would dramatically alter it in Bagby's favor. Bagby has not demonstrated that such relief is proper at this stage.

### C.   Conclusion

Bagby's motion for a pretrial conference [ECF 63] and motion for a preliminary injunction [ECF 68] are **DENIED without prejudice**.

**SO ORDERED** this 16th day of January, 2025.

_____
Steven D. Grimberg
United States District Judge