# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

VINCENT A. BAGBY,

    Plaintiff,

           v.

CLAYTON COUNTY SHERIFF, *et al.*,

    Defendants.

Civil Action No.
1:24-cv-03439-SDG

## OPINION AND ORDER

This matter is before the Court on various motions filed by the parties:

- Pro Se Plaintiff Vincent A. Bagby's motion for summary judgment [ECF 9], motion to amend complaint [ECF 40], motion for partial summary judgment [ECF 41], motion for declaratory judgment [ECF 48], motion for judgment on the pleadings [ECF 53], motion to compel Defendants to file answers [ECF 71], motion for recusal [ECF 75], and three petitions for writs of mandamus [ECFs 45, 77, 81];

- Defendant City of Atlanta's (Atlanta)[1] motion to dismiss [ECF 8] and motion to strike the amended complaint [ECF 39];

---

[1]  The complaint named "City of Atlanta, Georgia Police" as a Defendant. ECF 1, at 1. However, the Atlanta Police Department is not a legal entity capable of being sued. *Radical v. City of Atlanta*, No. 1:19-cv-04530-VMC, 2023 WL 7225056, at *7 (N.D. Ga. Mar. 31, 2023) (quoting *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984)) ("APD is not a freestanding legal entity but 'merely the vehicle through which the City government fulfills its policing functions.'") (citing other authorities). Because Atlanta responded to the complaint by motion, the Court construes the complaint as having been brought against the city itself rather than its police department.

- Defendant Georgia Bureau of Investigation's (GBI)[2] motion to dismiss [ECF 10] and motion to strike the amended complaint [ECF 37];

- Defendant Clayton County Sheriff's motion to dismiss [ECF 11] and motion to strike the amended complaint [ECF 47]; and

- Defendants Clayton County Solicitor General and Clayton County State Court Clerk's motion to dismiss [ECF 19], motion to strike the amended complaint [ECF 42], and motion to dismiss the amended complaint [ECF 43].

The Court's rulings and bases for them are detailed below.

## I.    Introduction

The factual background for Bagby's claims is relatively straight forward; the procedural history of this litigation, less so. Bagby's scattershot approach to filing documents that he believes support his claim and submission of multiple premature motions have impaired not only the Court's ability to manage this docket but to decipher which parties Bagby is trying to sue, what he wants to sue them for, and the facts that may support such claims. However, because Bagby

---

[2]    The complaint named the "GBI/GCIC" as Defendant. ECF 1, at 1. The GCIC (the Georgia Crime Information Center) is a division of the GBI, not a separate legal entity. *See, e.g.*, O.C.G.A. § 35-3-3 ("The Georgia Bureau of Investigation shall be composed of . . . the Georgia Crime Information Center Division . . . ."); *Ledbetter v. Georgia*, 349 Ga. App. 154, 156 (2019); https://gbi. georgia.gov/ [https://perma.cc/Q7DB-JJWZ]. The Court thus construes Bagby's claim as having been brought against the GBI only.

may be able to plead a viable federal claim concerning his unsuccessful efforts to have his 2007 conviction expunged, the Court will allow him to replead.

### A.    Factual Background

For purposes of Defendants' motions to dismiss, the Court treats all well-pleaded facts as true and draws any reasonable inferences in Bagby's favor. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). And because Bagby is *pro se*, the Court construes his pleadings leniently and holds them to less stringent standards than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

Bagby was arrested for disorderly conduct at the Hartsfield-Jackson International Airport in August 2006.[3] The matter was adjudicated in Clayton County State Court in May 2007, with Bagby pleading nolo contendere,[4] presumably to a misdemeanor under O.C.G.A. § 16-11-39, though the complaint does not identify the specific charge to which he pleaded. Bagby alleges that, when he entered his plea, Georgia law gave him the right to have his conviction expunged after five years. But he says the law was changed effective July 1, 2013 and removed that right.[5] His petition to have his conviction expunged was denied

---

[3]    ECF 1 (Compl.), at 3–4; ECF 35 (Am. Compl.), at 1.

[4]    ECF 1, at 3, 17; ECF 35, at 1.

[5]    ECF 1, at 4; ECF 35, at 1–2.

in June 2015,[6] as, apparently, were his subsequent attempts to obtain expungement in 2019[7] and 2024.[8] Bagby claims that the denial of his right to an expungement is a civil rights violation and that Defendants have conspired to deny him that right in violation of the Fifth and Fourteenth Amendments.[9]

### B.    Procedural History

Bagby initiated this action on August 2, 2024, asserting claims under 42 U.S.C. §§ 1983 and 1985(3) against various state and local officials and agencies in their official capacities only.[10] He sought various monetary and injunctive relief, as well as punitive damages.[11] In addition, Bagby demanded that this Court require the State of Georgia to settle various unrelated litigation.[12] Each set of Defendants moved to dismiss.[13] Bagby opposed those motions,[14] and some

---

[6]    ECF 1, at 22.

[7]    *Id.* at 14–16.

[8]    *Id.* at 4.

[9]    ECF 1, at 4; ECF 35, at 2–3.

[10]   ECF 1.

[11]   *Id.* at 5.

[12]   *Id.*

[13]   ECFs 8 (Atlanta's motion), 10 (GBI's motion), 11 (Sheriff's motion), 19 (Solicitor & Clerk's motion).

[14]   ECFs 20 (opposing Sheriff's motion), 21 (opposing GBI's motion), 22 (opposing Atlanta's motion), 25 (opposing Solicitor & Clerk's motion).

Defendants filed reply briefs.[15] More than two months after the last-filed motion to dismiss, Bagby filed an amended complaint without leave.[16] Each set of Defendants then moved to dismiss or to strike the amendment.[17]

After bringing suit, Bagby filed numerous documents that purport to support his complaint,[18] as well as motions for leave to amend,[19] for partial summary judgment,[20] for declaratory judgment,[21] and for judgment on the pleadings,[22] in addition to a petition for mandamus.[23] To control its docket and relieve Defendants of their obligation to respond to Bagby's flurry of submissions, the Court entered a protective order that relieved all parties of any duty to respond to motions or other requests for relief unless otherwise directed.[24] Thereafter, Bagby filed even more motions: for a pretrial conference,[25] for a preliminary

---

[15]   ECFs 26 (Sheriff's reply), 31 (Solicitor & Clerk's reply).

[16]   ECF 35.

[17]   ECFs 37 (GBI's motion to strike), 39 (Atlanta's motion to strike ), 42 (Solicitor & Clerk's motion to strike), 43 (Solicitor & Clerk's motion to dismiss), 47 (Sheriff's motion to strike).

[18]   *See, e.g.,* ECFs 12–18, 33, 49–50, 57–58, 60–62, 64–66, 72–73, 78–80, 82–83, 85–86.

[19]   ECF 40.

[20]   ECF 41.

[21]   ECF 48.

[22]   ECF 53.

[23]   ECF 45.

[24]   ECF 56.

[25]   ECF 63.

injunction,[26] to compel Defendants to answer,[27] for recusal,[28] and for mandamus.[29]

## II.    Discussion

As it must, the Court first addresses Bagby's motion to recuse undersigned. *Daker v. Warren*, No. 20-12296, 2023 WL 4560224, at *3 (11th Cir. 2023) (per curiam) (noting that a court should ordinarily rule on a recusal motion before making substantive rulings). It then turns to Bagby's amended complaint and the motions to dismiss it, then to his original complaint, and finally to Bagby's other motions.

### A.    Bagby's Motion to Recuse

Bagby moves under 28 U.S.C. § 455(a) for undersigned to recuse. A judge must only recuse under § 455 when "an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000). Put a bit differently, "disqualification should follow if the reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *United States v. Alabama*, 828 F.2d 1532, 1541 (11th Cir. 1987), *superseded by statute on other grounds as stated in J.W. v. Birmingham Bd. of Educ.*, 904 F.3d 1248 (11th Cir. 2018).

---

[26]    ECF 68.

[27]    ECF 71.

[28]    ECF 75.

[29]    ECFs 77, 81.

Bagby claims that "unnecessary delays" in the case are because of "preferential treatment afforded the Defendants."[30] He insists that "[s]everal instances of professional courtesies, deferential unsolicited granting of procedural advantages, and intentional delays to forestall every phase of litigation of this Civil Action through obstructionist tactics have been implemented to the Defendants'[ ] advantage."[31] He does not, however, identify any actual instances of such conduct.

Instead, Bagby argues that the Court permitted "a de facto" extension of Defendants' time to answer.[32] But the stay of Defendants' duty to answer comes from the Federal Rules themselves. Under FED. R. CIV. P. 12, a defendant may respond to a pleading by answer, *id.* R. 12(a)(1)(A), ***or by motion***, *id.* R. 12(b). Defendants all responded by motion—as was their right. *See, e.g.*, *Jones v. Bales*, 58 F.R.D. 453, 456 (N.D. Ga. 1972) (noting that, where a motion to dismiss has been filed, no answer need be filed until after the court disposes of the motion), *aff'd*, 480 F.2d 805 (5th Cir. 1973) (per curiam). As a result, Defendants are not required to file answers until 14 days after the Court denies their motions, FED. R. CIV. P. 12(a)(4)(A), *if* it denies them. If the Court grants the motions, there is no operative pleading that requires an answer.

---

[30]    ECF 75, at 1.

[31]    *Id.* at 2.

[32]    *Id.*

Bagby also complains that the only motion the Court has granted "was for the State of Georgia" and that the order prevents him from filing additional motions.[33] While it is true that the Court's protective order was entered in response to a motion filed by the GBI, that order applies to *all* parties and does not prevent anyone from filing anything. Rather, the order simply relieved the parties from having to respond to an opposing party's motion lest the failure to respond be construed as a lack of opposition under the Local Rules.[34] At least some of the delay in the Court's ability to address the parties' substantive arguments stems from Bagby's deluge of repetitive, procedurally improper motions that—before entry of the protective order—needed responses from four different sets of Defendants. The Court has the inherent authority to control its own dockets in this manner. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (holding that every court has the power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

Finally, Bagby contends that the denial of his motion for a preliminary injunction demonstrated bias.[35] As the Court's order explained, the injunction

---

[33]  *Id.* at 2–3.

[34]  ECF 56.

[35]  ECF 75, at 3–4.

Bagby requested was akin to the final relief he seeks in this case.[36] At that point, the Court had yet to sort through the challenges to Bagby's right to proceed in the first place. No objective observer would attribute the Court's decisions to bias or partiality. Accordingly, Bagby's motion to recuse [ECF 75] is **DENIED**.

### B.    The Amended Complaint

After Defendants moved to dismiss, Bagby filed an amended complaint without leave.[37] That pleading expands on his original allegations and pursues the same causes of action.[38] The amended pleading seems to allege that Bagby has a vested right to an expungement that could not be extinguished by the July 2013 change in the law, but that Defendants have conspired to deny him that right.[39] He most recently sought expungement on August 23, 2024 (after filing suit).[40] The amendment does not identify the capacity (official, individual, or both) in which Defendants are being sued.[41]

---

[36] ECF 70.

[37] ECF 35.

[38] *See generally* ECF 35.

[39] *Id.*

[40] *Id.* at 2–3.

[41] *See generally* ECF 35. The Court addresses Bagby's official capacity claims and Defendants' immunity arguments below in connection with the original complaint. Since the same analysis would apply to the amended complaint, those arguments are not addressed here.

Because the viability of the amended complaint controls what the operative pleading is, the Court addresses it first. While the Court is mindful that Bagby is proceeding *pro se*, it may not "rewrite an otherwise deficient pleading." *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). On a motion to dismiss, moreover, a court must generally "limit its consideration to the pleadings and any exhibits attached to it." *Baker v. City of Madison*, 67 F.4th 1268, 1275 (11th Cir. 2023). Accordingly, the Court does not consider Bagby's numerous filings of documents that purport to support his claims.[42]

### 1. The Court declines to strike the amended complaint as improperly filed.

Each set of Defendants move to strike the amended complaint, largely because it was filed without leave.[43] Under Rule 15, a plaintiff may amend his pleading as a matter of course 21 days after service of a motion to dismiss under Rule 12(b). FED. R. CIV. P. 15(a)(1)(B). After that, amendments require the consent of the opposing parties or leave of court. *Id.* R. 15(a)(2). Bagby filed his amended complaint more than 21 days after the last motion to dismiss was filed,[44] and did

---

[42]  *See, e.g.*, ECFs 12–18, 33, 49–50, 57–58, 60–62, 64–66, 72–73, 78–80, 82–83, 85–86.

[43]  ECFs 37 (GBI), 39 (Atlanta), 42 (Solicitor & Clerk), 47 (Sheriff).

[44]  The motions to dismiss were filed on August 21, 22, and 27, 2024 [ECFs 8, 10, 11, 19]. The amended complaint was filed on October 15, 2024 [ECF 35].

not file a motion for leave until a week after the amendment.[45] In light of Bagby's pro se status and the Court's inherent ability to treat the filing of an unauthorized amended complaint itself as a motion for leave, *Hawk v. Bank of Am., N.A.*, No. 1:14-CV-03517-ELR, 2015 WL 11718111, at *1 (N.D. Ga. Feb. 25, 2015), the Court declines to strike the amended pleading because of Bagby's delay in filing the motion for leave. Instead, the Court analyzes the proposed amendment under Rule 15.

### 2. The amended complaint is futile.

Under Rule 15, a court may deny leave to amend when the amendment would be futile. *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999). The GBI, the Sheriff, the Solicitor General, and the Court Clerk all argue that the proposed amendment is futile.[46] The Court agrees, although in part for reasons that are different than those argued by the parties.

### i. Claims related to anything other than Bagby's 2024 requests for expungement are time-barred.

Most of the allegations in the amended complaint relate to the period before the end of August 2019.[47] Any claims based on those allegations are futile because they are time-barred. *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir.

---

[45] *Compare* ECF 35, *with* ECF 40.

[46] ECFs 37 (GBI), 43 (Solicitor General & Clerk), 47 (Sheriff). Atlanta argued only that the Court should strike the amended complaint. ECF 39.

[47] *See generally* ECF 35.

1999) (quoting *Halliburton & Assoc., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 444 (11th Cir. 1985)) ("[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal.").

Bagby emphasizes that claims under §§ 1983 and 1985 are not subject to a limitations period.[48] He is wrong. They are in fact governed by the statute of limitations applicable to personal injury claims in the State where the action was brought. *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (holding that the limitations period for § 1983 claims "is that which the State provides for personal-injury torts"). In Georgia, that's two years. O.C.G.A. § 9-3-33; *Wainberg v. Mellichamp*, 93 F.4th 1221, 1225 (11th Cir. 2024) (indicating that the same two-year limitations period applies to § 1985 claims); *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (stating the same for § 1983 claims). Bagby's characterization of his claims as ones for professional negligence rather than personal injury[49] is beside the point. The limitations period for §§ 1983 and 1985 claims—the only claims Bagby is pursuing in this litigation—is two years. Accordingly, to the extent Bagby's claims are based on events that took place in 2019 and earlier, they are time barred.

---

[48]   *See, e.g.*, ECF 20, at 4–5; ECF 22, at 3; ECF 25, at 4.

[49]   *See, e.g.*, ECF 35, at 2–3.

### ii.    Bagby's 2024 Expungement Attempts

The only facts in the amended complaint about Bagby's attempts to obtain

an expungement in 2024 concern conduct by the Solicitor General.[50] There are no

allegations that Atlanta, the GBI, the Sheriff, or the Court Clerk had any

involvement. So, any claims against them are futile. *Ashcroft v. Iqbal*, 556 U.S. 662,

677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (holding

that a complaint must contain sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face; a plausible claim is one that allows the

court to "draw the reasonable inference that the defendant is liable for the

misconduct alleged"). As for the Solicitor General, Bagby alleges only that he

processed the August 2024 expungement application and sent it to the Atlanta

Police Department.[51] That bare allegation is not enough. Moreover, the amended

complaint fails to state claims under §§ 1983 or 1985 against any Defendant.

### a.    The § 1983 claim

Section 1983 is not a source of rights—it is a method to vindicate existing

federal rights. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989); *Baker v. McCollan*, 443

U.S. 137, 144 n.3 (1979). When a court considers a § 1983 claim, it must identify the

constitutional right allegedly infringed. *Graham*, 490 U.S. at 393–94; *Baker*, 443 U.S.

---

[50]    *Id.* at 2–3, 13.

[51]    *Id.* at 13.

at 140. Bagby says his due process and equal protection rights were violated because of the "ex-post facto" effects of the July 1, 2013 amendments to O.C.G.A. § 35-3-37(h), which (according to Bagby) made his nolo plea ineligible for expungement.[52] But Bagby's premise is fatally flawed. He was not *entitled* to an expungement either before or after the amendments.

Before July 1, 2013, O.C.G.A. § 35-3-37(d) (2012) allowed people who had been arrested but not prosecuted to seek expungements of their arrest records under certain circumstances. There was no subsection (h) at the time, so it is not clear what Bagby means when he insists he was entitled to an expungement under that (non-existent) provision. And Bagby *was* prosecuted—and convicted—so he was not eligible to seek an expungement under that version of the statute in any event. It is well-settled under Georgia law that a plea of nolo contendere is a conviction. *Georgia v. Pitts*, 199 Ga. App. 493, 493 (1991).

The purpose of the 2013 amendments was to "*expand* the right of individuals to restrict access to their criminal history record information." *Mosley v. Lowe*, 298 Ga. 363, 365 (2016) (emphasis added). In its current form, Section 35-3-37 provides for restriction of criminal records from public view if certain conditions are met.

---

[52]    *Id.* at 2–3.

*Id.* at 364. This law, which has provisions for arrests made before July 1, 2013, applies retroactively. *See generally id.*

The statute now has a subsection (h), but it does not apply to Bagby because his nolo plea constitutes a conviction. *Pitts*, 199 Ga. App. at 493. He might be eligible to seek a restriction of his criminal record under O.C.G.A. § 35-3-37(j)(4)(A), which applies to certain misdemeanor convictions for persons who have completed their terms of sentence, or some other subsection. But that is not what he has alleged in the amended complaint. Nothing in that pleading provides factual or legal support for Bagby's theory of how his due process and equal protection rights were violated.

### b.    The § 1985 claim

Section 1985 prohibits conspiracies to deprive a person of equal protection. 42 U.S.C. § 1985(3). This requires the plaintiff to allege "some racial, or perhaps otherwise class-based, invidiously discriminatory animus" for the defendant's actions in furtherance of the conspiracy. *Dean v. Warren*, 12 F.4th 1248, 1255 (11th Cir. 2021) (quoting *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267–68 (1993)). The defendant must have acted *because of* the adverse effects his actions would have on an identifiable group. *Id.* Bagby has not alleged facts suggesting that any Defendant's conduct was motivated by Bagby's race or any other class-based animus. The amended complaint states only that "[a]t all times the various

Clayton County Officials were acting individually and [in] concerted coordination with the [GBI] and [Atlanta] to conspire to deprive" Bagby of his right to an expungement.[53] This is not sufficient to state a § 1985(3) claim.

### C.    The original complaint fails to state a claim.

Having concluded that the amended complaint proposed by Bagby is futile, that leaves the original complaint as the operative pleading. It also fails to state claims against any Defendant for many of the same reasons.[54] To the extent it is premised on the denial of Bagby's attempts at expungement prior to 2024,[55] those claims are time barred.

In addition, the original pleading lacks allegations that Atlanta, the GBI, the Sheriff, or the Court Clerk were involved with Bagby's 2024 expungement application.[56] Bagby pleads only that the Solicitor General wrongly denied his request for expungement.[57] This claim is based on the same incorrect legal theory on which Bagby's amended complaint is predicated and lacks any detail about

---

[53]    ECF 35, at 13.

[54]    ECF 1, at 2–3.

[55]    *Id.* at 4.

[56]    *See generally* ECF 1.

[57]    *Id.* at 4.

how Defendants were motivated by his race or class-based animus.[58] These problems are no less fatal to the original complaint than the amendment.

Finally, the original complaint sued Defendants only in their official capacities. Section 1983 claims, however, can only be brought against "persons." 42 U.S.C. § 1983. State governmental officials acting in their official capacity and state agencies are not "persons" for purposes of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71, 71 n.10 (1989) (official capacity claims); *McGuire v. Fla. Lottery*, 520 F. App'x 850, 851 (11th Cir. 2013) (per curiam) (claims against state agencies). The Eleventh Amendment bars damages suits against such officials and agencies in federal court. *Will*, 491 U.S. at 66. Accordingly, Bagby cannot pursue monetary damages against the GBI or the Sheriff. *See, e.g.*, *Tindol v. Ala. Dep't of Revenue*, 632 F. App'x 1000, 1002 (11th Cir. 2015) ("[N]o remedy is provided by § 1983 for a Complaint naming only state officials in their official capacities and seeking monetary damages.").[59]

### D.    The Remaining Motions

Having resolved Defendants' motions, the Court turns to Bagby's. Bagby moved for summary judgment at the same time he filed the original complaint.[60]

---

[58]    *See generally* ECF 1.

[59]    Although the Solicitor General and Court Clerk raise several immunity arguments [ECF 19-1, at 7–12], the Court need not address them at this time.

[60]    ECF 9.

His motion fails to comply with either FED. R. CIV. P. 56 or LR 56.1, NDGa. And since Bagby has yet to state viable claims and cannot point to any material facts that are *not* in dispute, he is certainly not entitled to judgment as a matter of law.

Bagby's motion for declaratory judgment under 28 U.S.C. § 2201 is also improper.[61] First, the motion appears to be an inappropriate attempt to amend the complaint a second time to add a cause of action for a declaratory judgment. A district court may grant a declaratory judgment "[i]n a case of actual controversy within its jurisdiction" to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. Without a viable complaint, there is no live controversy and nothing for the Court to declare.

Bagby's motion for judgment on the pleadings is likewise unwarranted.[62] Although he argues that no Defendant has "raised a [d]efense to the allegations,"[63] this is incorrect. All Defendants responded to the original complaint and the amended complaint by motion to dismiss. Accordingly, a motion under FED. R. CIV. P. 12(c) is inappropriate. Bagby's motion to compel Defendants to file answers is improper for the same reasons.

---

[61]    ECF 48.

[62]    ECF 53.

[63]    *Id.* at 2.

Finally, Bagby filed three different petitions for writs of mandamus.[64] They seek "the enjoinment" of several matters, cases, or disputes entirely unrelated to this action. Writs of mandamus are "used to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *In re Estelle*, 516 F.2d 480, 483 (5th Cir. 1975) (cleaned up). Bagby is not entitled to the requested relief from this Court.

## III.    Conclusion

Neither the original nor amended complaints present viable claims. Accordingly, all claims against all Defendants are **DISMISSED without prejudice**. But because Bagby may be able to state a cognizable claim for relief, the Court will allow him to file **a second amended complaint consistent with this Order by April 30, 2025**.

Any proposed amendment must (1) comply with the federal pleading standards; (2) identify in the caption every person or entity Bagby intends to sue and the capacity in which they are being sued (official, individual, or both); (3) put each allegation in separately numbered paragraphs; (4) set forth facts that explain what happened, which Defendant engaged in that conduct, how that conduct injured Bagby, and how those facts support any causes of action Bagby asserts; (5) identify the law on which each cause of action is based; (6) specify the forms of

---

[64]    ECFs 45, 77, 81.

relief (monetary or injunctive) being sought that would address the harms alleged; and (7) attach all exhibits on which Bagby wants to rely, which exhibits must be filed at the same time as the amendment. The amendment should not contain facts unrelated to Bagby's efforts to obtain an expungement and must not seek relief related to any other dispute or litigation.

To summarize the Court's specific rulings on the parties' motions:

Bagby's motions for summary judgment [ECF 9], for partial summary judgment [ECF 41], for declaratory judgment [ECF 48], for judgment on the pleadings [ECF 53], to compel Defendants to file answers [ECF 71], and to recuse [ECF 75] are **DENIED**. Bagby's petitions for mandamus [ECFs 45, 77, 81] are likewise **DENIED**. Bagby's motion to amend the complaint [ECF 40] is **DENIED as moot**.

The GBI's motion to dismiss the original complaint [ECF 10] is **DENIED as moot** because any claims against it in the original complaint are time barred and fail to state a claim. The GBI's motion to strike [ECF 37] is **DENIED** to the extent it seeks to strike the amended complaint and **GRANTED** to the extent it asserts the amendment is futile.

Atlanta's motion to dismiss the complaint [ECF 8] is **GRANTED** and its motion to strike [ECF 39] is **DENIED**.

The Solicitor General and Court Clerk's motion to dismiss [ECF 19] is **GRANTED** to the extent it seeks dismissal of the original complaint based on the statute of limitations and failure to state a claim. Their motion to strike the amended complaint [ECF 42] is **DENIED**. Their motion to dismiss the amended complaint [ECF 43] is **GRANTED** to the extent it seeks dismissal of the amended complaint because it is futile and asserts claims that are time barred.

The Sheriff's motion to dismiss [ECF 11] is **DENIED as moot** because any claims against him in the original complaint are time barred and fail to state a claim. The Sheriff's motion to strike and to deny leave to amend the complaint [ECF 47] is **DENIED** to the extent it asks the Court to strike the amended complaint and is **GRANTED** to the extent it asserts the amendment is futile.

The motions are **DENIED as moot** in all other respects.

The Clerk of Court is **DIRECTED** to submit this Order to undersigned after April 30, 2025. In the interim, the Clerk is further **DIRECTED** to administratively close this case.

**SO ORDERED** this 31st day of March, 2025.

_____
Steven D. Grimberg
United States District Judge