**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

VINCENT A. BAGBY,

Plaintiff,

v.

CLAYTON COUNTY SHERIFF, *et al.*,

Defendants.

Civil Action No.
1:24-cv-03439-SDG

## OPINION AND ORDER

On March 31, 2025, the Court entered an order concluding that Plaintiff Vincent A. Bagby's original and amended complaints failed to state a claim. The Court therefore dismissed the case without prejudice and gave Bagby leave to file a second amended complaint.[1] On April 30, Bagby filed that amendment (the SAC), along with a motion for a preliminary injunction.[2]

Thereafter, the parties engaged in a spate of motions practice, with the following matters now pending:

- Bagby's motion for preliminary injunction [ECF 89];

- the Clayton County Solicitor General's motion to dismiss [ECF 91];

- the Clayton County Solicitor General's motion to stay discovery [ECF 92];[3]

---

[1]   *See generally* ECF 88.

[2]   ECFs 89 (motion), 90 (complaint).

[3]   This motion [ECF 92] was unnecessary. The Court's Standing Order makes clear that all pretrial activity and deadlines are automatically stayed pending

1

- Bagby's motions for entry of default [ECFs 97, 98, 104, 105, 116];

- Bagby's petition for writ of mandamus [ECF 106]; and

- a motion by Bagby styled as one for reconsideration that instead appears to seek summary judgment [ECF 119].

Because the SAC does not comply with the Court's March 31 Order and Bagby has still failed to state a claim, this action must be dismissed.

## A.    The Parties

In its March 31 Order, the Court provided detailed instructions to Bagby about the form and content for his SAC.[4] Among those instructions was the admonition that every person or entity Bagby intended to sue be included in the caption of the pleading.[5] Fed. R. Civ. P. 10(a). The SAC's caption includes only the Clayton County Solicitor General (in his official capacity) and the Georgia Bureau of Investigations (GBI) as Defendants.[6] So, those are the only properly identified Defendants.

But despite the clear warning in the Court's Order, the SAC tries to assert claims against a number of individuals who are not identified in the caption

---

a motion to dismiss a pleading. ECF 3, at 7–8. *See also* ECF 70, at 2 (noting that, "[u]nder the Court's Standing Order, all discovery is automatically stayed pending a ruling on the motions to dismiss").

[4]    ECF 88, at 19–20.

[5]    ECF 90, at 19.

[6]    *Id.* at 1.

(including people who are or were employees of the Solicitor's office and the GBI).[7] Such claims are improperly pleaded under Fed. R. Civ. P. 10(a) and the Court's Order. The Court will not consider them.

### B.    The Claims

The SAC does not contain separately identified causes of action and points to numerous possible federal grounds for relief: 42 U.S.C. §§ 1983, 1986; the Equal Protection Clause of the 14th Amendment; the Due Process Clause of the 5th Amendment; and the Equal Protection Clause of the Civil Rights Act of 1871.[8] Bagby also tosses in several state-law bases for relief: slander, libel, defamation, professional negligence, honest services violations, abuse of prosecutorial discretion, and fraud.[9] He seeks damages, injunctive relief, and fees and costs.[10]

Bagby's scattered and unclear references to these laws do not comply with the Court's March 31 Order. As with his earlier pleadings, the gist of his complaint is that he is entitled to an expungement of a nolo contendere plea to a

---

[7]    *See generally* ECF 90.

[8]    *Id.* at 1, 4, 10–13.

[9]    *Id.*

[10]    *Id.* at 13–15.

misdemeanor disorderly conduct charge from 2006.[11] He has attempted to obtain an expungement many times, to no avail.[12]

The Court has already held, and Bagby concedes, that he cannot pursue claims related to his efforts to obtain an expungement that took place before 2024.[13] The only timely allegation in the SAC concerns Bagby's August 23, 2024 expungement application, which was denied on January 30, 2025.[14] But this claim is based on the same faulty legal premise as Bagby's prior pleadings: Nothing in Georgia law entitles him to an expungement and he has not alleged any facts suggesting he was denied an expungement because of race.[15] Since these are the only possible grounds for a federal cause of action, Bagby has again failed to state any federal claim. And the Court declines to exercise supplemental jurisdiction over any state-law claim in the absence of a viable federal cause of action. *Knowles v. Hart*, 825 F. App'x 646, 650 (11th Cir. 2020) (Supplemental jurisdiction under 28 U.S.C. § 1367(a) is discretionary, and "a court may exercise its discretion to dismiss or retain state claims after dismissing claims subject to its original jurisdiction.").

---

[11]  *Id.* at 3.

[12]  *Id.* at 3–5.

[13]  ECF 88, at 11–12; ECF 90, at 5.

[14]  ECF 90, at 8–9.

[15]  *See generally* ECF 88, at 13–16.

### C.    Conclusion

Bagby has failed to file a second amended complaint that complies with the Court's March 31 Order and has otherwise failed to state any federal claim. The Court **DECLINES** to exercise supplemental jurisdiction over any state-law claims. All federal claims against the Clayton County Solicitor General and the GBI are **DISMISSED with prejudice**. The Clayton County Solicitor General's motion to dismiss [ECF 91] is **DENIED as moot**.

All pending motions [including ECFs 89, 92, 97, 98, 104, 105, 106, 116, 119, 123, and 124] are **DENIED as moot**.

The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED** this 31st day of March, 2026.

_____
Steven D. Grimberg
United States District Judge

5